UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| THE INDIANA ORTHOPEDIC CENTER, ) | | |
| Plaintiff, ) | | |
| ) | | |
| vs. ) | 1:07-cv-01552-RLY-DML | |
| ) | | |
| THE LINCOLN NATIONAL LIFE ) | | |
| INSURANCE COMPANY, ) | | |
| Defendant. ) | | |

**ENTRY ON DEFENDANT'S MOTION TO DISMISS**

Defendant, the Lincoln National Life Insurance Company ("Lincoln"), moves to dismiss this case. For the reasons set forth below, the court **GRANTS** the motion.

**I.    Background**

On November 20, 2007, Plaintiff, the Indiana Orthopedic Center ("Plaintiff") filed a Summons and Notice of Claim in the Small Claims Court in Marion County, Indiana. In this document (hereinafter referred to as the "Complaint"), Plaintiff asserted the following:

> The said Plaintiff complains of the Defendant and says: That the Defendant is indebted to the Plaintiff in the sum of $1500.  WE PURCHASE [sic] SHORT TERM DISABILITY INSURANCE FROM THE DEFENDANT. THE DEFENDANT REFUSES TO PAY A DISABILITY CLAIM FOR OUR FORMER EMPLOYEE, JILL MORGAN (CLAIM #1070037116). THE DEFENDANT IS IN MATERIAL BREACH OF CONTRACT.

Because Plaintiff's Complaint seeks payment of benefits and/or damages under an

employee welfare benefit plan[1] governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), Lincoln removed the case to this court.

## II.     Discussion

In its moving brief, Lincoln moves to dismiss this case on grounds that Plaintiff does not have standing to recover benefits on behalf of its employee, Jill Morgan ("Ms. Morgan").  Plaintiff responds that Lincoln misapprehended the nature of its claim, and that it is actually bringing a claim for breach of contract – i.e., that Lincoln failed to perform its contractual duty to provide an objective review of the initial denial of Ms. Morgan's claim.

Pursuant to Seventh Circuit and ERISA common law, a claim for breach of contract is preempted by ERISA if the claim requires the court to interpret or to apply the terms of an employee benefit plan.  *Collins v. Ralston Purina Co.*, 147 F.3d 592, 595 (7th Cir. 1998).  In this case, Plaintiff alleges that Lincoln failed to fulfill its obligations as administrator of Plaintiff's short term disability plan.  The adjudication of Plaintiff's claim will require the court to interpret or apply the terms of the subject plan, and thus, Plaintiff's claim is preempted by ERISA.  Lincoln asserts that Plaintiff's Complaint must be dismissed for failure to state a claim on these grounds.  Lincoln is incorrect.  Federal

---

[1] The court notes that the Plaintiff did not object to this characterization of the disability plan.  Because the Plaintiff is pro se, the court took the liberty of independently determining whether the disability plan at issue was an employee welfare benefit plan.  The court finds that it is, as it remains undisputed that Plaintiff purchased the plan for the benefit of its employees.  *See Brundage-Peterson v. Compcare Health Servs. Ins. Corp.*, 877 F.2d 509, 510 (7th Cir. 1989) ("[T]he employer who provides welfare benefits directly to its employees has by virtue of doing so an ERISA plan.").

Rules of Civil Procedure 8 requires only notice pleading, and "pleaders in a notice system do not have any obligation to plead legal theories." *McDonald v. Household Int'l, Inc.*, 425 F.3d 424, 427 (7th Cir. 2005).  The relevant question, therefore, is "whether the facts [Plaintiff] has alleged could, under the favorable standard that applied to Rule 12(b)(6) motions, support any kind of relief." *Id*. at 429.  Were Plaintiff a proper plaintiff, its allegations would support claim for relief under ERISA.  Accordingly, Lincoln's motion to dismiss on this ground is unavailing.

However, Plaintiff's factual allegations reflect that its claim is one for denial of benefits under 29 U.S.C. § 1132(a) on behalf of its former employee, Ms. Morgan.  Under that provision of ERISA, only a plan participant or beneficiary may bring a civil action "to recover benefits due [her] under the terms of [her] plan. . . . ." 29 U.S.C. § 1132(a)(1)(B).  Plaintiff is neither a plan participant nor a beneficiary under the welfare benefit plan at issue.  Thus, Plaintiff is not the proper plaintiff to bring this cause of action.  In other words, if Lincoln did, in fact, fail to properly administer Ms. Morgan's claim, the remedy available under ERISA is payment of benefits to Ms. Morgan, not Plaintiff.  Accordingly, there is no basis for Plaintiff to assert that it has suffered harm resulting from the alleged improper denial of benefits to its former employee.  For these reasons, Lincoln's motion to dismiss must be **GRANTED**.

### III. Conclusion

For the reasons set forth above, the court hereby **GRANTS** Defendant's Motion to Dismiss (Docket # 14).

**SO ORDERED** this  23rd  day of September 2009.

> RICHARD L. YOUNG, JUDGE
> United States District Court
> Southern District of Indiana

Electronic Copies to:

Adam J. Hubble
adam@AJHubblelaw.com

Copy to:

Gary Lewellen
The Indiana Orthopedic Center
7930 North Shadeland Avenue
Indianapolis, IN 46250